**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

TOYOTA MOTOR CREDIT CORPORATION,

        Plaintiff,

  v.

DOC'S TOWING AND RECOVERY LLC,

        Defendant.

Case No.:

## COMPLAINT

Plaintiff, Toyota Motor Credit Corporation ("Toyota"), as and for this Complaint against Defendant, Doc's Towing and Recovery LLC, ("Doc's Towing"), alleges:

### JURISDICTION AND VENUE

1. This is a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivation of Toyota's rights secured by the Fourth, Fifth and the Fourteenth Amendments to the United States Constitution, and accordingly jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), as well as 28 U.S.C. § 1331.

2. The remaining causes of action are appropriate pursuant to 28 U.S.C. § 1367 for interrelated state law claims that arise from the occurrences giving rise to the Federal claims, which have a common nucleus of operative fact.

3. Venue lies in the Court pursuant to 28 U.S.C. § 1391(b)(1), because the Defendant principal place of business is within this district, and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### PARTIES

4. Toyota Motor Credit Corporation is a corporation incorporated in the State of California, in the business of taking assignments of and/or servicing retail lease contracts,

including the retail instalment sale contract relative to the vehicle which is the subject of this action, a 2019 Infiniti bearing VIN: JN1FV7AR5KM800700 (the "Vehicle").

5.      Defendant Doc's Towing is, upon information and belief, a corporation incorporated in the State of Missouri which is engaged in the business of towing and storing motor vehicles.

## FACTS

**Toyota's interest in the Vehicle**

6.      Toyota holds a duly perfected security interest in the Vehicle.

7.      On or about May 30, 2023, and before any other facts relevant to this action, non-party Amiri Claxton (the "Customer") entered into a retail instalment sale contract for the purchase and finance of the Vehicle ("the Contract"), which contract was assigned to Toyota. By virtue of that transaction, Toyota obtained a perfected a security interest in the Vehicle.

8.      As of May 30, 2023, Toyota's interest was duly recorded on the title to the Vehicle issued by the State of Texas.

9.      The Contract allows Toyota to take possession of the Vehicle in furtherance of its lien rights.

10.      The Customer was in non-monetary default of the terms of the Contract due to the seizure of the Vehicle by Doc's Towing entitling Toyota to immediate possession of the Vehicle.

**Police seized the Vehicle and gave it to Doc's Towing for disposal**

11.      On or about June 29, 2023, Doc's Towing actively and regularly towed and stored vehicles at the direction of St. Ann police officers acting in the regular course of their duties as law enforcement officers.

12.      On or about June 29, 2023, St. Ann police took custody of the Vehicle incident to an arrest and instructed Doc's Towing to tow it from the roadway and store it.

2

13.    Toyota had no involvement with or knowledge of the operation of the Vehicle at the time it was seized by St. Ann police and/or Doc's Towing.

14.    St. Ann police did not have a warrant or other court order relating to the seizure of the Vehicle.

15.    St. Ann police did not notify Toyota of its seizure of the Vehicle and its request that Doc's Towing tow the Vehicle either before or shortly after seizing it and instructing Doc's Towing to tow it.

16.    No person afforded any opportunity to Toyota (or anyone else) for any hearing relating to the seizure of the Vehicle, either before or after seizing it.

17.    In November of 2024, and in the course of trying to locate the Vehicle to repossess it, Toyota discovered that the Vehicle had been impounded. Toyota's agent went to Doc's Towing premises to recover the Vehicle

18.    Toyota then made further demands that the Vehicle be released to it, and Doc's Towing refused unless Toyota paid the fees demanded by Doc's Towing in order to recover the Vehicle which were $25,000.00.

19.    When Toyota contacted Doc's Towing to recover the Vehicle, Doc's Towing asserted that it had a lien for towing and storage charges against the Vehicle and therefore could detain the Vehicle.

20.    No person sent any notice to Toyota promptly after the towing.

21.    No person afforded any opportunity to Toyota (or anyone else) for a hearing relating to the detention of the Vehicle nor the conditions placed on the release of the Vehicle.

22.    Toyota made numerous efforts to reclaim and recover the Vehicle, and Doc's Towing refused to release the Vehicle to Toyota.

23.    Upon information and belief, Doc's Towing remains in possession of the Vehicle.

24.     St. Ann police coerced and significantly encouraged Doc's Towing tow and store the Vehicle as St. Ann police benefited from Doc's Towing' detention of the Vehicle, in that St. Ann police obtained Doc's Towing' towing impound and storage services, as well as Doc's Towing' services to dispose of the Vehicle, with no payment (or reduced payment) of money from St. Ann police to Doc's Towing.

25.     Doc's Towing only possessed the Vehicle by virtue of its joint participation with St. Ann police and acted in concert with such police to seize, detain and dispose of the Vehicle. Doc's Towing had no other right to remove the Vehicle from the roadway and hold it against anyone. Doc's Towing, therefore, acted under color of law when it towed, stored and asserted a lien against the Vehicle to secure towing and storage fees and undertook to dispose of the Vehicle.

**Doc's Towing' regular policies, customs and/or practices for the detention and disposal of seized vehicles**

26.     Doc's Towing' conduct in relation to Toyota and the Vehicle on and after June 29, 2023, comported with Doc's Towing' regular policies, customs and/or practices for the handling of Vehicles encountered and impounded incident to arrest by police.

27.     Doc's Towing asserted that it could not release the Vehicle until St. Ann police authorized release.

28.     It is Doc's Towing' regular policy and custom to proceed in the course of the above-described conduct when there is not a warrant for any of the following actions (for which no valid exception to the warrant requirement exists):

A.     The initial seizure of a vehicle;

B.     The police turnover of possession of a vehicle to Doc's Towing;

C.     Doc's Towing' continued detention of a vehicle while Doc's Towing asserts an *ex parte* possessory lien and places other conditions on the release of such a vehicle; and

4

D.   Doc's Towing taking title to, and/or selling, a vehicle while terminating all property interests in a vehicle.

29.   It is also Doc's Towing' regular policy and custom to proceed in the course of the above-described conduct despite there being no opportunity for a hearing afforded whatsoever, in relation to any of the following actions:

A.   The initial seizure of a vehicle;

B.   Police turnover of possession of a vehicle to Doc's Towing;

C.   Doc's Towing's continued detention of a vehicle while Doc's Towing asserts an ex parte possessory lien and places other conditions on the release of such a vehicle; and

D.   Doc's Towing taking title to, and/or selling, a vehicle while terminating all property interests in a vehicle.

30.   As to all of the above actions of Doc's Towing, Doc's Towing failed to satisfy the constitutional due process requirement of *notice*, because these communications merely assert Doc's Towing's unilateral demands, and do not address notice of an opportunity to be heard (which does not occur).

31.   These actions, all taken in accordance with Doc's Towing's regular policies and customs for seizing and disposing of seized motor vehicles, were taken under the mantle of authority of the St. Ann police because Doc's Towing had no lawful basis to impound the Vehicle other than through the authority of the police.

32.   Toyota continues to demand return of the Vehicle and Doc's Towing continues to refuse to release it.

## COUNT I
### Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
### (Deprivation of Property by Unreasonable Seizure)

33.     Toyota restates and incorporates by reference the facts stated in Paragraphs 1-32 of its Complaint above.

34.     Toyota's lien on the vehicle is a protected property interest in the Vehicle.

35.     Doc's Towing meaningfully interfered with Toyota's protected interest in the Vehicle by towing it, detaining it, withholding possession from Toyota, demanding payment and other conditions for release of it, and threatening to ultimately take ownership of it free from Toyota's interest.

36.     By these actions, Doc's Towing acted under color of law to seize the Vehicle within the meaning of the Fourth Amendment to the United States' Constitution.

37.     The seizure of the Vehicle and involvement by Doc's Towing in taking custody of the Vehicle was unaccompanied by a warrant.

38.     The seizure of the Vehicle and involvement by Doc's Towing in taking custody of the Vehicle was unaccompanied by any legitimate exception to the warrant requirement. Alternatively, to the extent the initial seizure was accompanied by any arguably legitimate exception to the warrant requirement, it was carried out in an unreasonable manner of execution insofar as the seizure exceeded the scope necessary to complete any legitimate task associated with the purported warrant exception for which the vehicle was seized.

39.     The seizure of the Vehicle and involvement by Doc's Towing in taking custody of the Vehicle was unreasonable in violation of the Fourth Amendment to the United States Constitution.

40.     Doc's Towing's unreasonable seizure of the Vehicle was accomplished in accordance with Doc's Towing's standard policy and/or custom for the handling and disposal of

vehicles taken into possession of Doc's Towing following impound at police direction incident to a police arrest.

41.     As a direct and proximate result of Doc's Towing's violation of Toyota's Constitutional right to be free from unreasonable seizures, Toyota has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

42.     Toyota is, therefore, entitled to relief under 42 U.S.C. § 1983.

WHEREFORE, Toyota prays for (i) judgment against Doc's Towing for immediate possession of the Vehicle, actual damages, consequential damages, punitive, statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. §§ 2201, 2202 that to the extent Doc's Towing's actions comport with its ordinary policies that they intend to continue those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

## COUNT II
### Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
### (Deprivation of Property Without Due Process of Law)

43. Toyota restates and incorporates by reference the facts stated in Paragraphs 1-32 of its Complaint above.

44. Toyota's lien in the Vehicle is a protected property interest in the Vehicle.

45. Doc's Towing's actions deprived Toyota of its protected property interests in the Vehicle.

46. Doc's Towing deprived Toyota of its property despite no person affording Toyota the opportunity to be heard as to the actions of seizing, towing, and detaining the Vehicle before a judge or other neutral decisionmaker.

47. Doc's Towing did not afford Toyota an opportunity to be heard in relation to any of Doc's Towing's actions in seizing, towing and detaining the Vehicle in any venue at any time.

48. Because Doc's Towing did not provide any mechanism for review of the towing, detention and conditions demanded by Doc's Towing in relation to the Vehicle by a judge or other neutral decisionmaker, Doc's Towing did not provide Toyota with constitutionally adequate notice of that non-existent hearing procedure.

49. The manner in which Toyota became aware of the seizure of the Vehicle, as well as Doc's Towing's continued possession of the Vehicle, did not constitute adequate notice for the purposes of due process.

50. Doc's Towing's deprivation of Toyota's rights in the Vehicle was therefore accomplished without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

8

51.     Doc's Towing's deprivations of Toyota's rights in the Vehicle were accomplished in accordance with the Doc's Towing's standard policy and/or custom for the handling and disposal of seized vehicles by police request incident to a police arrest.

52.     As a direct and proximate result of Doc's Towing's violation of Toyota's Constitutional right to be free from deprivations without due process of law, Toyota has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its finance of the Vehicle, and other damages.

53.     Toyota is, therefore, entitled to relief under 42 U.S.C. § 1983.

WHEREFORE, Toyota prays for (i) judgment against Doc's Towing for immediate possession of the Vehicle, actual damages, consequential damages, punitive, statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and (ii) a declaration pursuant to 28 U.S.C. §§ 2201, 2202 that to the extent Doc's Towing's actions comport with its ordinary policies that they intend to continue those policies violate the constitutional rights of persons subjected to those policies; and (iii) such other and further relief as the Court deems just and proper.

## COUNT III
### Replevin

54.     Toyota restates and incorporates by reference the facts stated in Paragraphs 1-53 of its Complaint above.

55.     Toyota holds a valid lien against the Vehicle and is entitled to possession pursuant to  its Contract with the Customer.

56.     Toyota has demanded that Doc's Towing surrender the Vehicle to Toyota's possession.

57.     Doc's Towing has refused, and continues to refuse, to surrender the Vehicle to Toyota's possession.

58.     Toyota is entitled to an order requiring Doc's Towing to immediately turn over possession of the Vehicle to Toyota.

WHEREFORE, Toyota prays for judgment against Defendant Doc's Towing for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT IV
### Conversion

59.     Toyota restates and incorporates by reference the facts stated in Paragraphs 1-53 of its Complaint above.

60.     Toyota has title and a lien against the Vehicle, and in accordance with its rights under its security agreement and the Contract with the Customer, has demanded that Doc's Towing allow Toyota immediate possession of the Vehicle.

61.     Doc's Towing has refused, and continues to refuse, to surrender possession of the Vehicle to Toyota.

62.     By these actions, Doc's Towing has purposefully, knowingly and/or intentionally exercised dominion and control over the Vehicle, wrongfully interfering with Toyota's rights to possession of the Vehicle.

63.     Toyota has suffered, and continues to suffer, damages as a result of Doc's Towing's actions.

WHEREFORE, Toyota prays for judgment against Defendant Doc's Towing for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT V
### Declaratory Judgment

64.    Toyota restates and incorporates by reference the facts stated in Paragraphs 1-63 of its Complaint above.

65.    In addition to the alleged violations of Toyota's rights guaranteed under the United States Constitution as alleged above, Doc's Towing's claim for a lien and continued possession of the Vehicle violates Missouri Constitution Article I, Section 10, which mandates that no person shall be deprived of property without due process of law.

66.    Missouri common law does not provide any lien rights arising from the towing or storage of a vehicle.

67.    Toyota has a legally protected interest in the Vehicle pursuant to the Contract and its lien interests in the Vehicle.

68.    Doc's Towing is in possession of the Vehicle and demands payment to secure the release of the Vehicle.

69.    A dispute exists between the parties as to their respective rights and interests to the Vehicle, and the amounts demanded by Doc's Towing for the release of the Vehicle and its claimed lien interests.

WHEREFORE, Toyota prays that the Court enter judgment in this matter declaring the parties' respective interests and rights to the Vehicle; declaring that Doc's Towing's claims of a lien for towing and storage against the Vehicle is null and void; and provide such other relief as the Court deems just and proper.

Date: April 8, 2025                                Respectfully submitted,

                                                   **TOYOTA MOTOR CREDIT
                                                   CORPORATION,**


                                          By:     *//s// Coleman J. Braun*
                                                  Coleman J. Braun
                                                  MO# 62450
                                                  Adams and Reese LLP
                                                  1600 West End Avenue, Suite 1400
                                                  Nashville, TN 37203
                                                  Tel: 615-259-1034
                                                  Fax: 615-687-1537
                                                  Email: cole.braun@arlaw.com
                                                  *Attorney for Toyota Motor
                                                  Credit Corporation*